FILED
2019 May-10 PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **PENNY NIELSEN,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | **CIVIL ACTION NO.** |
| | } | |
| **ALABAMA A&M UNIVERSITY,** | } | |
| | } | |
| Defendant. | } | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from race discrimination instituted by plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Penny Nielsen ("Plaintiff") timely filed her charge of race discrimination against Defendant Alabama A&M University ("Defendant" or "A&M") with the Equal Employment Opportunity Commission ("EEOC").

3. On February 8, 2019, the EEOC issued a notice of dismissal regarding the plaintiff's charge and of the Plaintiff's right to sue. The Plaintiff has filed this suit within 90 days after her receipt of that decision.

## II.  PARTIES

4.  Plaintiff is a white female citizen of the United States over the age of nineteen years and a resident of Calhoun County, Alabama.

5.  Defendant A&M is a state university located in Madison County, Alabama, and an employer as that term is contemplated under Title VII.

## III.  FACTS

6.  In August 2016, Plaintiff began employment with A&M as a full-time faculty member teaching doctoral students, fifth-year students, and undergraduate students in the Teacher Education and Leadership Department.  In August 2017, Plaintiff's employment was renewed for another academic year, and she continued to teach at A&M through May 2018.  However, Defendant notified Plaintiff by letter dated May 15, 2018, that her employment with A&M would not be renewed and would end effective June 5, 2018.  The letter was labeled as a "Notification of No Cause Termination of Your Employment at Alabama A&M University."

7.  Despite this non-renewal Plaintiff was still eligible for hire and was in the online pool for a position in reading/reading literacy.  The Alabama State Department of Education requires a reading specialist for early childhood and elementary education programs to be on the A&M faculty in order to comply with state requirements.  Plaintiff had been the reading specialist for A&M during the

two previous academic years. In the spring of 2018, Dr. Terri Garrison, another faculty member who had been teaching reading classes, resigned. Dr. Garrison's resignation created a vacancy in the Teacher Education and Leadership Department for the upcoming 2018-2019 academic year for which the Plaintiff was qualified and eligible. However, the Defendant hired Dr. Dione Jordan-Hamilton, a black female reading specialist with no college teaching experience, to teach the reading classes formerly taught by Dr. Garrison. In contrast, Plaintiff has more than 25 years experience in higher education and a record of publications and presentations. She also has college/university committee service, International Literacy Association (ILA) service, and has held offices with the Alabama Literacy Association (formerly known as the Alabama Reading Association).

8. Defendant has never given Plaintiff any reasons for its non-renewal of her employment, or for its decision to hire Dr. Jordan-Hamilton for the position Plaintiff was also qualified and eligible for, but the Plaintiff avers that any alleged reasons for same are or would be false and a pretext for race discrimination. There were still doctoral students in the program being taught by Plaintiff, and after Plaintiff (white female) was non-renewed Defendant assigned Dr. Rhonda Jackson-Moore (black female) and Dr. Tammy Alexander (black female) to teach

the Plaintiff's doctoral students, both of whom are less qualified than Plaintiff. Dr. Jackson-Moore has only a cognate (minor) in reading, and Dr. Alexander has many less years college teaching experience than Plaintiff. As to the vacancy resulting from the resignation of Dr. Garrison, Dr. Nielsen had more than 25 years higher education faculty credentials while Dr. Jordan-Hamilton had been a kindergarten teacher.

## IV.  CAUSES OF ACTION

### COUNT I  (TITLE VII)

9.  Defendant violated Plaintiff's rights under Title VII by engaging in race discrimination.  The Defendant had no legitimate business reason for non-renewing Plaintiff for the job she had been doing and reassigning her students to Dr. Jackson-Moore and Dr. Alexander.  The Defendant had no legitimate business reason for hiring Dr. Jordan-Hamilton instead of Plaintiff.  Instead, Defendant intentionally discriminated against the Plaintiff because of her race (white).

10.  As a result of the above described discriminatory acts, Plaintiff has been made to suffer the loss of her employment with Defendant, lost wages and benefits, lost promotion opportunities, and emotional distress and mental anguish.

11.  The Plaintiff further alleges that Defendant engaged in a discriminatory practice with malice or with reckless indifference to the Plaintiff's federally

protected rights.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests the following relief:

A.  That the Court issue an Order declaring the Defendant's acts as described herein to be in violation of Title VII;

B.  That the Court enter an Order requiring Defendant to make Plaintiff whole by placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering defendant to pay such compensatory and punitive damages as a jury may assess;

C.  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with defendant from further violation of Plaintiff's rights under Title VII;

D.  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

/s/ Ralph K. Strawn, Jr.
RALPH K. STRAWN, JR. (STR002)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
STRAWN & ROBERTSON, LLC
2401 Rainbow Drive
Gadsden, AL 35901

(256)459-4548
(256)459-4335 fax
rstrawn@srlawfirm.comcastbiz.net

PLAINTIFF DEMANDS TRIAL BY JURY.

/s/ Ralph K. Strawn, Jr.
RALPH K. STRAWN, JR.

<u>Serve Defendant by Certified Mail:</u>
Alabama A&M University
c/o Andrew Hugine, Jr.
4900 Meridian Street
Normal, AL 35762